UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD, | No. 2:21-cv-0930 KJN P |
| Plaintiff, | ORDER |
| v. | |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff alleges that defendants Rick Hill, Johnson, T. Geis, and M. Strand were deliberately indifferent to plaintiff's serious medical needs by failing to grant plaintiff early parole or transfer him in light of his "high risk medical" status due to his serious underlying medical conditions that put him at increased risk of contracting COVID-19, in violation of the Eighth Amendment. Plaintiff also alleges that defendants Geis and Strand violated plaintiff's Fourteenth Amendment rights to equal protection and due process during plaintiff's classification committee hearing based on their failure to grant plaintiff early parole or transfer him in light of his high risk medical status.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Rick Hill, Johnson, T. Geis, and M. Strand. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state cognizable Fourteenth Amendment claims against defendants Geis and Strand. The Fourteenth Amendment claims against those defendants are dismissed with leave to amend.

"The Equal Protection Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" Angelotti Chiropractic v. Baker, 791 F.3d 1075, 1085 (9th Cir. 2015) (alteration in original) (quoting U.S. Const. amend. XIV, § 1). "The Equal Protection Clause requires the State to treat all similarly situated people equally." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013). "This does not mean, however, that all prisoners must receive identical treatment and resources." Id. A plaintiff can state an equal protection claim: (1) by alleging "facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [plaintiff]

3

based upon membership in a protected class," id. (quoting Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005)); or (2) as a "class of one" by alleging that plaintiff has "been intentionally treated differently from others similarly situated and that there is no rational basis for the treatment," Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, plaintiff fails to identify a suspect class, or explain how he was discriminated against based on his membership in such class. "[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." United States v. Whitlock, 639 F.3d 935, 941 (9th Cir. 2011); Glauner v. Miller, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class . . . ."); McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991) ("Inmates are not entitled to identical treatment as other inmates merely because they are all inmates."). Thus, plaintiff cannot state a cognizable equal protection claim based on his status as a prisoner. In the injury portion of claim two, plaintiff claims he was entitled to emergency parole or transfer "just as any other inmate 'similarly situated' by criteria was entitled." (ECF No. 1 at 4.) However, such conclusory statement fails to demonstrate that plaintiff was similarly situated to such inmates. Plaintiff does not set forth the criteria used, but to the extent it was based on an individual inmate's medical conditions, such conditions would vary between inmate to inmate based on age, ethnicity, prior medical treatment, as well as underlying medical conditions.

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (quotation marks omitted). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought.

A prisoner does not have a right to a particular classification or custody level under the Due Process Clause. See Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (concluding California prisoner does not have liberty interest in residing at a level III prison as opposed to level IV prison); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (" '[A] prisoner has no constitutional right to a particular classification status.' ") (quoting Moody v. Daggett, 429

U.S. 78, 88 n.9 (1976).). Inmates do not have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions).

Plaintiff fails to identify how defendants Geis and Strand violated plaintiff's right to due process, or somehow deprived him of a liberty or property interest. Plaintiff has not stated any factual or legal support for a due process claim. Plaintiff's placement in administrative segregation, standing alone, does not implicate a protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 485-86 (1995).

Thus, for all of these reasons, plaintiff's Fourteenth Amendment claims against defendants Geis and Strand are dismissed with leave to amend.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants and pursue his Eighth Amendment claims against them, or he may delay serving any defendant and attempt to state cognizable Fourteenth Amendment claims against defendants Geis and Strand.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days he must return the Notice of Election form enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all Fourteenth Amendment claims against defendants Geis and Strand without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

////

////

6

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Fourteenth Amendment claims against defendants Geis and Strand are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants Hill, Johnson, Geis, and Strand. See 28 U.S.C. § 1915A. With this order plaintiff is provided a Notice of Election form. Within thirty days of service of this order plaintiff may return the attached Notice of Election form and indicate that he intends to proceed solely with his Eighth Amendment claims. The court will then order service on the parties under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective Fourteenth Amendment claims against defendants Geis and Strand without prejudice.

////

////

////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: June 25, 2021

/cw/leon0930.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|  |  |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| FREDERICK E. LEONARD, | No. 2:21-cv-0930 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| RICK HILL, et al., | |
| Defendants. | |

Plaintiff elects the following in compliance with the court's order filed June \_\_\_\_, 2021.

_____ Plaintiff elects to solely pursue his Eighth Amendment claims against defendants Hill, Johnson, Geis and Strand.

_____ Plaintiff consents to the dismissal of his Fourteenth Amendment claims against defendants Geis and Strand without prejudice.

**OR**

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff